IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL T. WILLIAMS                                                                    PLAINTIFF

v.                      CIVIL NO. 16-5053

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael T. Williams, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff protectively filed his application for DIB on March 11, 2013. (ECF No. 10, pp. 21, 942). In his application, Plaintiff alleges disability due to heart attack, knee problems, back problems, and shoulder problems. (ECF No. 10, p. 945). Plaintiff alleges an onset date of April 6, 2012. (ECF No. 10, pp. 21, 942). This application was denied initially and again upon reconsideration. (ECF No. 10, pp. 845-64).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Thereafter, Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (ECF No. 10, pp. 885-91). Plaintiff's administrative hearing was held on June 26, 2014, in Fort Smith, Arkansas (ECF No. 10, pp. 822-44). Plaintiff appeared in person and was represented by R. Scott Johnson. Id. Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c). (ECF No. 10, p. 827). As for his level of education, Plaintiff completed the tenth grade. Id.

After this hearing, on October 17, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (ECF No. 10, pp. 18-29). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on June 30, 2012. (ECF No. 10, p. 23, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") between April 6, 2012, his alleged onset date, and June 30, 2012, his date last insured. (ECF No. 10, p. 23, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, coronary artery disease (status-post myocardial infarction, status-post PTCA with stent), and rheumatoid arthritis. (ECF No. 10, p. 23, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 10, p. 24, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 10, pp. 24-28, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to perform, "the full range of light work as defined in 20 C.F.R. 404.1567(b)."

Id. The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW") as a diesel mechanic, heavy equipment mechanic, and tractor mechanic. (ECF No. 10, p. 28, Finding 6). The VE testified at the administrative hearing regarding this issue. (ECF No. 10, pp. 840-43). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined Medical-Vocational Rule 202.18 directed a finding of "not disabled." (ECF No. 1, pp. 28-29, Finding 10). The ALJ therefore determined Plaintiff had not been under a disability, as defined by the Act, from April 6, 2012, through June 30, 2012. (ECF No. 10, p. 29, Finding 11).

Thereafter, on October 24, 2014, Plaintiff requested a review by the Appeals Council (ECF. No. 10, p. 17). The Appeals Council denied this request on December 31, 2015. (ECF No. 10, pp. 5-9). On March 2, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on March 24, 2016. (ECF No. 7). This case is now ready for decision.

**II.     Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.

Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

**III. Discussion:**

Plaintiff raises five issues on appeal: 1) the ALJ improperly disregarded the opinions and findings of Dr. Kendrick, Plaintiff's primary treating physician; 2) the ALJ failed to consider all of Plaintiff's impairments in combination; 3) the ALJ improperly discredited Plaintiff's subjective complaints of pain; 4) the ALJ erred in his RFC determination; and 5) the ALJ failed to fully and fairly develop the record. (ECF No. 13). At the outset, I note the limited relevant period in this case began on April 6, 2012, Plaintiff's alleged onset date, and ended on June 30, 2012, the date Plaintiff last met the insured status requirements of the Act.

### A. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 946, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. While the record reveals that Plaintiff underwent percutaneous coronary intervention (angioplasty-stent) of the middle one hundred percent (100%) right coronary artery after a myocardial infarction on April

5

6, 2012, and was diagnosed with severe one-vessel coronary artery disease, left ventricular systolic and diastolic dysfunction, tobacco abuse disorder, hypertension, and chronic pain, the evidence of record shows that Plaintiff responded well to treatment. (ECF No. 10, pp. 991-1014); See Patrick v. Barnhart, 323 F.3d 592, 596 (8th Cir. 2003) (holding if an impairment can be controlled by treatment or medication, it cannot be considered disabling). For example, Plaintiff followed up with Dr. Jose Loyo-Molina, Plaintiff's cardiologist, on April 16, 2012, eight days after surgery and reported no chest pain, shortness of breath, dizziness, synocope, or palpitations and stated his surgical puncture site was "all healed [with] no bruising." (ECF No. 10, p. 1059). Dr. Molina noted no abnormalities in his physical examination of Plaintiff, referred him to a cardiac rehabilitation program, and advised Plaintiff to stop smoking. (ECF No. 10, p. 1061). Plaintiff's shoulder and joint pain were treated with medication during the relevant period. (ECF No. 10, p. 1033-35). The ALJ also noted that despite Plaintiff's myocardial infarction, hypertension, and severe coronary artery disease diagnoses, Plaintiff continued to smoke cigarettes against medical advice until October of 2013. (ECF No. 10, pp. 26, 1085); See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003) ("Lewis's own actions discredit her disability allegations because she continues to smoke cigarettes daily and does not exercise.")

The ALJ also cited Plaintiff's activities of daily living. (ECF No. 10, pp. 26-27). The ALJ noted Plaintiff could care for pets and help with household chores. Id. Plaintiff also stated that he helped his son work on his car, and although helping change a tire triggered Plaintiff's symptoms, the VE testified at the hearing that Plaintiff's stated activities which precipitated the symptoms were conducted at a medium exertion level. Id. Plaintiff also endorsed the ability

6

to cook meals daily, drive a car, shop in stores once a week, and that he was independent in managing his personal care. (ECF No. 10, pp. 957-60).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that the ALJ provided good reasons for discounting Plaintiff's subjective complaints and that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not entirely credible.

### B. RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545. It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

As discussed above, the evidence of record shows that Plaintiff responded well to treatment immediately following his surgery. (ECF No. 10, pp. 991-1014, 1047-55, 1059-80). The record contains other evidence, which indicates Plaintiff's condition further deteriorated

in 2014. (ECF No. 10, pp. 34-821, 1083-1220). This evidence, however, is about a much later time than the relevant period, which began on April 6, 2012, Plaintiff's alleged onset date, and ended on June 30, 2012, the date Plaintiff last met the insured status requirements of the Act. Plaintiff cites to no evidence that he was more limited than determined by the ALJ in his RFC, and none appears in the record.

Plaintiff also argues the ALJ improperly discounted the opinion of Dr. John Kendrick. (ECF No. 13). Dr. Kendrick completed two forms. One is titled, "Physical Exertion Limitations," dated June 23, 2014, and indicates Dr. Kendrick determined Plaintiff was incapable of even sedentary work. (ECF No. 10, p. 1205). The other is titled, "Cardiac Residual Functional Capacity Questionnaire," dated June 19, 2014, and indicates Plaintiff can occasionally lift up to twenty pounds, frequently lift up to ten pounds, stand and walk approximately four hours and sit at least six hours. (ECF No. 10, p. 1206-09). These two assessments, only four days apart, are clearly contradictory to one another. The assessments, moreover, were completed in the year 2014, which is a much later time than the relevant period, as stated earlier. (ECF No. 10, pp. 1205-09). Nothing on either form suggests Dr. Kendrick's assessments dated back to Plaintiff's functioning during the relevant period. Id. Plaintiff did not begin receiving healthcare services from Dr. Kendrick until April 3, 2013, nearly a full year after the close of the relevant period. (ECF No. 10, pp. 1132-33, 1179-81). Based on the foregoing, I find substantial evidence supports the ALJ's decision to give Dr. Kendrick's opinion less than controlling weight.

The ALJ specifically considered Plaintiff's impairments in combination where the ALJ determined Plaintiff's combination of impairments did not meet or medically equal the severity of one of the impairments in the Listings and when the ALJ made his RFC determination,

"[a]fter careful consideration of all the evidence," and "[a]fter careful consideration of the entire record." (ECF No. 10, pp. 21, 23); See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (ALJ properly considered combined effects of a claimant's impairments where ALJ determined the claimant did not have an impairment or combination of impairments that rendered him disabled as defined by the Act); See also Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1993) (ALJ properly considered combined effects of a claimant's impairments where ALJ separately discussed claimant's physical impairments, mental impairments, complaints of pain, and daily activities). The Court notes that in formulating Plaintiff's RFC, the ALJ fully summarized all of Plaintiff's medical records and separately discussed each of his alleged impairments. Based on the ALJ's synopsis of Plaintiff's medical records and discussion of each of his alleged impairments, I conclude that the ALJ properly considered the combined effects of Plaintiff's impairments, even those which the ALJ determined were non-severe. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011).

The Court further notes that in determining Plaintiff's RFC, the ALJ considered the treatment notes and medical opinions of many treating physicians, and specialists, as well as those of the non-examining state agency consultants, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (8th Cir. 2000) (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). The ALJ also considered third-party opinion testimony of one of Plaintiff's friends and set forth the reasons for the

weight given to this testimony. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D. Development of the Record:

Plaintiff argues the ALJ failed to develop the record, specifically that the ALJ should have sought another RFC assessment or general physical examination of Plaintiff. (ECF No. 13, pp. 13-14).

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. See Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004). However, the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record. Whitman v. Colvin, 762 F.3d 701, 707 (8th Cir. 2014) (quoting Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994). While "[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped," "the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." Johnson v. Astrue, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

Plaintiff's argument that the ALJ failed to fully and fairly develop the record is without merit. As discussed more thoroughly above, substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not entirely credible, and that the ALJ did not commit reversible error in assigning Dr. Kendrick's medical opinions less than controlling weight. Plaintiff has not put forth any evidence to demonstrate that seeking another RFC assessment or general physical examination of Plaintiff would elicit any new clarification of Plaintiff's impairments and limitations during the relevant period. Moreover, Plaintiff does

not allege any lack of development of the record in this regard was unfair or prejudicial, except that the ALJ's final decision was unfavorable.

The ALJ had before him the evaluations and treatment records of numerous healthcare providers which, as more specifically set forth above, provided sufficient evidence for the ALJ to make an informed decision regarding Plaintiff's alleged physical and mental impairments. The Court also notes that other evidence in the record, including Plaintiff's own statements, constituted evidence regarding Plaintiff's physical and mental limitations, and that the existing medical sources contained sufficient evidence for the ALJ to make a determination regarding Plaintiff's alleged impairments. The Court therefore finds the ALJ satisfied his duty to fully and fairly develop the record.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 2nd day of June, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE